

| | |
|---|---|
| TO: | SHELL TRADING US CO. |
| ATTN: | MR. M. QUACH |
| FROM: | MR. SUK CHOI |
| DATE: | APRIL 17, 2019 |
| RE: | SAMSUNG PURCHASE REF NO.: 410695 |
| | SHELL SALES REF NO.:  TBD |

WE ARE PLEASED TO CONFIRM THE FOLLOWING AGREEMENT FOR SHELL TRADING US CO., HOUSTON ("SELLER") TO SUPPLY SAMSUNG C&T AMERICA, INC. ("BUYER") THE PRODUCT LISTED BELOW, SUBJECT TO THE FOLLOWING TERMS AND CONDITIONS:

| | |
|---|---|
| SELLER: | SHELL TRADING US CO.<br>TWO HOUSTON CENTER<br>909 FANNIN STREET<br>HOUSTON, TX 77010-1014 |
| BUYER: | SAMSUNG C&T AMERICA, INC.<br>2050 W. SAM HOUSTON PKWY SOUTH SUITE 1720<br>HOUSTON, TX 77042 |
| PRODUCT: | BENZENE |
| QUALITY: | ASTM D 2359-LTLD |
| QUANTITY: | 20,000 BBLS +/-5% |
| PRICE: | USD 2.30 PER GAL |
| DELIVERY: | DDP HOUSTON, TEXAS CITY |
| SHIPMENT: | MAY 01-31, 2019, SELLER SHALL NOMINATE EACH SHIPMENT, IN WRITING, AT LEAST FIVE (5) BUSINESS DAYS PRIOR TO THE ETA OF SUCH SHIPMENT. |
| DEMURRAGE / LAYTIME: | AS PER CHARTER PARTY. |
| PAYMENT: | NET 30 DAYS AFTER DISCHARGE DATE VIA WIRE TRANSFER IN SAME DAY FUNDS INTO SELLER'S DESIGNATED ACCOUNT.  BUYER SHALL SUPPLY SECURITY OF PAYMENT WITH IRREVOCABLE STANDBY LETTER OF CREDIT IF REQUIRED. |
| INSPECTION: | A SURVEY SHALL BE PERFORMED BY A NEUTRAL AND INDEPENDENT INSPECTOR AT THE DISCHARGING PORT.  THE QUANTITY SHALL BE FINAL BASED ON STATIC SHORE TANK UP GAUGE AND THE QUALITY SHALL BE FINAL BASED ON SHORE TANK COMPOSITE SAMPLES TAKEN PRIOR TO THE TIME OF DISCHARGE.  ALL SURVEYING COSTS ARE TO BE SHARED EQUALLY AMONG ALL CONCERNED PARTIES. |
| MARINE CONDITIONS: | AS PER CHARTER PARTY AND MUTUALLY AGREEABLE TERMS IN WRITING. DEMURRAGE CLAIMS MUST BE MADE AND ACCOMPANIED BY PROPER DOCUMENTATION WITHIN 90 DAYS FROM THE DATE OF COMPLETION OF DISCHARGE OF THE CARGO IN QUESTION.  DEMURRRAGE CLAIMS NOT RECEIVED WITHIN THIS 90 DAY-PERIOD WILL BE BARRED. |
| TITLE AND RISK: | TITLE AND RISK OF LOSS TO PASS FROM SELLER TO BUYER AS THE PRODUCT PASSES THE VESSEL'S FLANGE AT THE DISCHARGE PORT. |
| PUBLIC TERMINAL: | IF PRODUCT IS DISCHARGED AT A PUBLIC TERMINAL, VESSEL OR BARGE ARE DISCHARGED ON A FIRST COME FIRST SERVE BASIS ONLY.  THEREFORE, LAYTIME SHALL NOT COMMENCE UNTIL VESSEL OR BARGE ACTUALLY OBTAINS A DOCK. |

| | |
|---|---|
| GOVERNING LAW: | THE INTERPRETATION AND PERFORMANCE OF THIS AGREEMENT SHALL BE GOVERNED BY THE LAW OF THE STATE OF NEW YORK WITHOUT REGARD TO ITS CONFLICTS OF LAWS PRINCIPLES. |
| SPECIAL REMARKS: | THIS AGREEMENT SHALL BE DEEMED TO INCORPORATE, WHERE USED, THE INCOTERMS REFERRED TO ABOVE, AS DEFINED IN INCOTERMS 2010, EXCEPT WHERE THOSE TERMS ARE INCONSISTENT WITH THE TERMS OF THIS AGREEMENT. |
| | ALL PURCHASES ARE SUBJECT TO SAMSUNG C&T AMERICA'S GENERAL TERMS AND CONDITIONS OF PURCHASE, A COPY OF WHICH IS ATTACHED AND INCORPORATED BY REFERENCE AS IF FULLY SET FORTH HEREIN. BUYER'S GENERAL TERMS AND CONDITIONS OF PURCHASE ARE THE ONLY TERMS AND CONDITIONS UNDER WHICH BUYER AGREES TO BE BOUND, NOTWITHSTANDING ANY TERMS CONTAINED ON ANY INVOICES, SALES CONFIRMATIONS OR OTHER DOCUMENTS. THIS ORDER IS EXPRESSLY MADE CONDITIONAL ON SELLER'S ACCEPTANCE OF THE TERMS IN THIS AGREEMENT AND THE BUYER'S GENERAL TERMS AND CONDITIONS OF PURCHASE, AND BUYER OBJECTS TO ANY ADDITIONAL OR DIFFERENT TERMS OR CONDITIONS PROPOSED BY SELLER. IF THERE IS ANY CONFLICT BETWEEN THIS PURCHASE AGREEMENT AND BUYER'S GENERAL TERMS & CONDITIONS OF SALE, THE TERMS OF THIS AGREEMENT SHALL PREVAIL. |
| | THIS AGREEMENT AND BUYER'S GENERAL TERMS & CONDITIONS OF PURCHASE CONSTITUTE THE ENTIRE AGREEMENT BETWEEN THE PARTIES AND SUPERSEDE ALL PRIOR UNDERSTANDINGS, WHETHER WRITTEN OR ORAL. THE PARTIES MAY NOT AMEND THIS AGREEMENT, EXCEPT BY WRITTEN AGREEMENT EXECUTED BY AN AUTHORIZED REPRESENTATIVE OF EACH PARTY. |

WE ARE PLEASED TO CONFIRM THIS TRANSACTION. PLEASE INDICATE YOUR AGREEMENT BY SIGNING AND RETURNING ONE COPY OF THIS AGREEMENT TO THE ADDRESS ABOVE.

IF YOUR UNDERSTANDING OF THIS DOCUMENT IS DIFFERENT THAN THAT WHICH IS WRITTEN ABOVE, PLEASE CONTACT US WITHIN 24 HOURS.

ACCEPTED:

Signature: _/s/_  
By: MR. SUK CHOI  
SAMSUNG C&T AMERICA, INC. (BUYER)

Signature: _____  
By: _____  
SHELL TRADING US CO., HOUSTON ("SELLER")

SAMSUNG C&T AMERICA, INC.

# GENERAL TERMS AND CONDITIONS OF PURCHASE

1. **Governing Terms.** These General Terms and Conditions of Purchase ("Terms") of Samsung C&T America, Inc. ("Buyer") apply to all purchases made by Buyer. These Terms and any Purchase Order ("PO") of Buyer or any agreement to which these Terms are stated to apply (collectively, "Agreement"), constitute the entire agreement between Buyer and the person or entity named on the PO as seller ("Seller") as to the purchase and sale of the goods identified on the PO ("Goods"), and supersede all prior understandings or agreements, oral or written, with respect to their subject matter. Buyer hereby gives notice that it objects to any additional or different terms or conditions proposed by Seller in any quotation, offer, acknowledgment, confirmation, invoice, or any other document, and unless otherwise agreed to in writing by an authorized representative of Buyer, such terms or conditions are hereby rejected and are of no effect, even if Buyer has not expressly objected to such terms or conditions, or they are specified subsequent to this order. Seller's agreement to comply with these Terms is a condition of doing business with Buyer, and Seller's acceptance of any PO of Buyer, or performance or undertaking of any obligation to Buyer shall be deemed an acceptance of these Terms.

2. **Delivery.** Time and quantity is of the essence. If Seller does not comply with Buyer's delivery schedule, Buyer, at its option, may, in addition to any other right or remedy available to it, terminate this order, in whole or in part without any further liability to Seller. Seller represents and warrants that the Goods will be adequately contained, packaged and labeled, and will be suitably packed to assure safe transit and the lowest transportation and insurance rates. Title and risk of loss shall pass to Buyer upon completion of Buyer's inspection & Buyer's acceptance of the Goods. Buyer reserves the right to return at Seller's expense Goods received in advance of the delivery date or in excess of the quantity ordered.

3. **Price & Payment.** Seller warrants that the prices for the Goods are not less favorable than those currently extended to any other customer of Seller for the same or like goods in equal or lesser quantities. The prices shall include any applicable federal, state and local taxes, and taxes must be shown separately on Seller's invoice. If any price is omitted in this order, the Goods shall be billed at the price last quoted or paid by Buyer for such Goods, or the prevailing market price, whichever is lower. In no event shall the prices specified in this order be exceeded. Extra charges under this order will not be permitted except on specific written authority of Buyer. No allowances will be made for packing, crating or cartage charges, unless specifically authorized by Buyer. Buyer's count will be final on all shipments not accompanied by a complete packing list. Seller's invoices are due and payable net forty-five (45) days from the date of tender of delivery, unless otherwise stated herein. Buyer may at all times set off any amount owing at any time from Seller to Buyer against the amount payable by Buyer to Seller.

4. **Inspection.** All Goods shall be the best of their respective kind and shall be subject to Buyer's inspection, at any reasonable time, before or during manufacture, and after delivery to destination. Goods other than those specified shall not be supplied without Buyer's prior written approval. Without prejudice to any of its other rights and remedies, non-conforming Goods may be returned by Buyer, at Seller's expense, including all transportation charges. Buyer shall not be required to accept replacements without its prior written consent.

5. **Changes.** Buyer reserves the right to make changes at any time to this order. In the event Buyer elects to make any changes in material, quality, quantities, drawings, specifications or methods of shipment or destination that cause an increase in the cost or time required for delivery, an equitable adjustment may be made to the price or delivery schedule. Seller must request any such adjustments within ten (10) days of notification from Buyer of such change.

6. **Warranties.** In addition to any implied warranties, Seller represents and warrants that (i) the Goods are free from defects in design, workmanship and material, are of merchantable quality, conform to the order and applicable specifications, drawings and samples, if any, and are fit and sufficient for the intended uses specified by Buyer or otherwise known to Seller; (ii) the Goods and materials (except for any trademarks or other intellectual property of Buyer) and the use thereof do not infringe any patent, trademark, copyright, trade secret, or other intellectual property right of any third parties; and (iii) the Goods, including their advertising, labeling, packaging, manufacture, delivery, use and sale, conform to all applicable federal, state, and local laws and regulations, including, but not limited to, the Consumer Products Safety Act, the Consumer Product Safety Improvement Act of 2008 ("CPSIA"), California's Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65), the Occupational Safety and Health Act of 1970, and the Toxic Substances Control Act of 1976, and any other applicable federal, state, and local requirements. All warranties of Seller shall inure to the benefit of Buyer, its successors, assigns and customers and shall survive any inspection or testing by Buyer and any payment to Seller. If the event of any breach of any warranty, Buyer, in addition to all its other rights and remedies, may, at its option, either return the Goods for credit or refund, at Seller's expense, or require prompt correction or replacement of the non-conforming Goods. Acceptance of any replacement Goods shall not relieve Seller of liability for damages for breach.

7. **Confidential Information.** All plans, drawings, designs, specifications or other confidential or proprietary information supplied or communicated by Buyer to Seller shall remain the property of Buyer, and such information, and any information derived therefrom, shall be regarded by Seller as confidential and shall not, without the prior written consent of Buyer, be disclosed to any third party, or used by Seller, except to the extent authorized by Buyer in connection with the performance of this order by Seller. The provisions of this Section shall survive termination of this Agreement.

8. **Force Majeure.** Neither Buyer nor Seller shall be liable to the other for default or delay in performing its obligations, if caused by an event beyond its reasonable control, provided that the affected party gives prompt written notice of any such inability to perform to the other party. If necessitated in Buyer's opinion by any such event, Buyer shall have the option, exercised by written notice to Seller, to extend the shipping date until a reasonable time after the removal of the cause of such delay, or to cancel this order.

9. **Notices.** All notices hereunder shall be in writing and shall be deemed duly given if personally delivered or mailed (by certified or registered mail, or reputable courier service) to the party concerned at its address set forth in this order (or as subsequently changed in a notice given in accordance herewith).

10. **Indemnification.** Seller will indemnify, defend and hold Buyer harmless from and against any and all claims, demands, losses, liabilities, suits, causes of action, legal proceedings, damages, costs, and expenses (including reasonable attorney's fees), arising out of or related to: (i) any patent, trademark, copyright, trade secret or other intellectual property infringement claim relating to the names, Goods, materials, or packaging, supplied by Seller; (ii) any breach of any provision of this Agreement by Seller or of any representation or warranty made by Seller herein; or (iii) any injuries to or the death of any person(s), including employees of Buyer or Seller, or the loss of or damage to the property of any person(s), caused by or resulting from the negligence of Seller or any of its employees, or from improper or defective Goods or materials, except that Seller shall not be liable for any such claims resulting from the sole negligence of Buyer. Such indemnification obligations shall survive termination or expiration of this Agreement. Buyer may participate in such defense to such extent as Buyer in its discretion may determine. Seller agrees to maintain at its expense, general liability insurance (including products liability) and such other insurance with such limits, terms and conditions as Buyer may specify to Seller and which includes Buyer as additional insured. Seller shall provide a certificate of insurance to Buyer upon request. Buyer shall not under any circumstances be liable to Seller for incidental, special, punitive or consequential damages (including without limitation lost profits).

11. **Compliance with Laws.** Seller represents and warrants that it will comply, and will use commercially reasonable efforts to ensure that its subcontractors comply, with all applicable laws, rules, regulations, or other requirements of governmental authorities applicable to the manufacture and sale of the Goods. Seller agrees that no Goods will be (i) manufactured, assembled, or packaged by forced, prison, or child (defined as age 14 or the minimum working age within the applicable jurisdiction, whichever is older) labor, or (ii) transshipped for the purpose of mislabeling, evading quota or country or origin restrictions, avoiding paying higher duties, or otherwise avoiding compliance with relevant laws. All Goods shall be accurately marked or labeled with its country of origin. Seller's commercial invoice shall accurately describe all Goods and quantity contained in the shipment, identify the country of origin of each article in the shipment, and shall list all payments, direct or indirect, to be made for the Goods, including, but not limited to, any assists or selling commissions. To the extent required by applicable laws, rules or regulations, Seller will provide Buyer material safety data sheets on all of the Goods.

12. **Customs/Security.** Seller agrees to provide timely all documents and information required for Customs clearance including without limitation all information required under the Importer Security Filing Rule and shall ensure that all such documents and information are accurate and complete. Seller understands that any late, incomplete or inaccurate documents (including, but not limited to, invoices, packing lists and Interim Footwear Invoices, if required) may affect payment to Seller for the Goods shipped. Seller agrees to be responsible to Buyer for any fines, penalties or other monetary assessments that Buyer incurs as a result of any late, inaccurate or missing or incomplete information or document provided by Seller. Seller shall provide adequate security for the Goods and shall maintain a documented program of security procedures throughout production and delivery consistent with the Customs-Trade Partnership Against Terrorism (C-TPAT) minimum security criteria guidelines, and shall require the same of its subcontractors. Seller shall seal any containers bound for the U.S. with a high security seal that meets PAS/ISO 17712 standards, and the seal number must be specified on the shipping documents. Buyer or a third party designated by Buyer may conduct announced or unannounced on-site inspections of Seller's facilities to monitor compliance with these terms and conditions. If Buyer is entitled to apply for duty drawback for the Goods, Seller will provide Buyer the necessary information and documentation

13. **Insolvency/Termination.** Where Seller is in material breach of this Agreement or any other contract with Buyer, or in the event of Seller's bankruptcy, insolvency, liquidation, appointment of receiver (or analogous occurrence), without prejudice to its other rights and remedies, Buyer shall have the right to cancel this order, in whole or in part, without liability or further obligation. Buyer may also terminate this order at any time for convenience, in whole or part upon written notice. If an order is terminated for convenience and Seller is in full compliance with this agreement, any claim by Seller (which must be made within 10 days of receipt of notice of termination) will be settled based on Seller's reasonable costs incurred up until the effective termination date in performance of the order.

14. **Governing Law/Jurisdiction.** The laws of the State of New York, without regard to its conflicts of law principles, govern all matters arising under or relating to this Agreement. All trade terms used herein shall be interpreted in accordance with the latest Incoterms. The U.N. Convention on Contracts for the International Sale of Goods shall not apply to this order. Any disputes arising out of or relating to this Agreement shall be exclusively filed and resolved in the appropriate state or federal court in New York, New York. The parties hereto consent to the exclusive venue and jurisdiction of such courts and waive any claims of improper venue or forum non conveniens.

15. **Miscellaneous.** Any assignment or subcontracting of rights or delegation or performance of this Agreement without the prior written consent of Buyer shall be void. In the event any one or more of the provisions of this Agreement shall be held to be void, illegal or unenforceable in any respect, such voidance, illegality or unenforceability shall not affect any other provisions hereof. The rights and remedies set forth herein are not exclusive and are in addition to any other rights and remedies available. No failure or delay in exercising any right or remedy under this Agreement operates as a waiver or estoppel of any right, remedy or condition. The headings in this Agreement are for convenience only and do not affect this Agreement's construction or interpretation. No modification or waiver of this Agreement shall bind either party unless signed by its authorized representative.